UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIL FIELDS,

                       Petitioner,

        -against-

MARK MILLER,

                       Respondent.

1:23-CV-5428 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in the Green Haven Correctional Facility, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his September 3, 2019 conviction in the County Court, Westchester County. By order dated August 11, 2023, the Court granted Petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Petitioner 60 days' leave to file an amended petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

On September 3, 2019, Petitioner was convicted, following a jury trial in the County Court, Westchester County, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree. *See People v. Fields*, 212 A.D.3d 648 (2d Dep't 2023). Petitioner alleges that the trial court sentenced him to a 20-year term of incarceration, to be followed by a 5-year term of post-release supervision. (ECF 1, at 1.) Petitioner appealed his judgment of conviction to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). On January 11, 2023, that court affirmed Petitioner's judgment of conviction. *Fields*, 212 A.D.3d 648. In his petition, Petitioner states both that he did not seek further review in a higher state court (ECF 1, at 2), and that he presented all of his grounds for *habeas corpus* relief to the highest state court having jurisdiction (*id.* at 7).

## DISCUSSION

A state prisoner must exhaust all available state court remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion rule requires that the petitioner give the state courts the first opportunity to review any constitutional errors associated with the petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through the state courts' established appellate review process. *Id.* at 845. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'"

2

*Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust available state court remedies in the State of New York for the purpose of federal *habeas corpus* review, a petitioner must appeal his judgment of conviction to the Appellate Division. N.Y. Crim. Proc. Law. § 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal from the New York Court of Appeals, the highest court in the State of New York. N.Y. Crim. Proc. Law § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If a petitioner cannot assert grounds for *habeas corpus* relief in his direct appeal, he should raise such grounds in a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or in another type of state court post-conviction collateral motion or application. If unsuccessful, the petitioner must then seek leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See Green v. New York*, No. 14-CV-2073, 2016 WL 7338415, at *5 (S.D.N.Y. Dec. 19, 2016); *Ramos v. Walker*, 88 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2000).

Plaintiff alleges no facts showing that, with respect to his direct appeal, after the Appellate Division had affirmed his judgment of conviction, he sought leave to appeal from the New York Court of Appeals. He also does not indicate that he exhausted his available state court remedies by filing a post-conviction collateral motion or application, such as a Section 440.10 motion in the trial court and that, if unsuccessful as to that motion or application, he sought leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. Thus, it appears that Petitioner has not exhausted his available state court remedies as to his grounds for *habeas corpus* relief.

In light of Petitioner's *pro se* status, the Court grants Petitioner leave to file an amended petition in which he alleges facts showing that he has exhausted the available state court remedies as to his grounds for *habeas corpus* relief; to proceed with this *habeas corpus* action, he must, in his amended petition, state his grounds for *habeas corpus* relief, the facts that support those grounds, and detail the steps that he has taken to exhaust the available state court remedies as to those grounds.[1] The Court advises Petitioner that any amended petition that he files will completely replace his original petition.

## CONCLUSION

The Court grants Petitioner 60 days' leave to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition," and bear the same docket number as this order. An Amended Petition Under Section 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny Petitioner *habeas corpus* relief without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four specified dates. *See* 28 U.S.C. § 2244(d)(1).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 28, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge